Terry L. PROPST and Michael L. Dutton, Plaintiffs/Respondents,

v.

Greg BROWN, Defendant/Appellant.

No. 61686.

Missouri Court of Appeals, Eastern District, Division Three.

June 15, 1993.

Murray Stone, St. Louis, for defendant/appellant.

Kurt D. Breeze, Dodson, Breeze, Kister & Roberts, Hillsboro, for plaintiffs/respondents.

SMITH, Judge.

Plaintiffs sued defendant for unpaid rent. Defendant counterclaimed for wrongful conversion of his personal property. The trial court awarded plaintiffs $910 in unpaid rent and awarded defendant $500 on his wrongful conversion claim. Defendant appeals contending the award on the conversion claim is inadequate. We affirm.

Defendant leased an apartment from plaintiffs. He fell in arrears on the rent. After January 1989, the lease expired and defendant became a month to month tenant. In January defendant was informed that he would either have to pay the back rent or vacate. Defendant stated that he would vacate at the end of February. When he moved out of the apartment he left behind personal property. Plaintiffs contacted defendant about removing the property on at least two occasions. Plaintiffs testified that on the last occasion defendant said he would pick up the property that afternoon. Defendant's wife testified that her husband said he would pick up the property two days later, March 27. That evening plaintiffs put defendant's property on the lawn. The next day the defendant went by the apartment and noticed the boxes on the lawn but his possessions had disappeared. Plaintiffs conceded that they had no judgment against defendant and had not given him a written 30 day notice to vacate.

A trial court's judgment will be affirmed unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously applies the law. *Brawley v. McNary*, 811 S.W.2d 362 (Mo. banc 1991) [1]. Deference will be given to the trial court's ability to judge the credibility of the witnesses. *Id.;* Rule 73.01(c)(2). There was substantial evidence here to support the trial court's judgment. The values of the objects defendant claimed were missing were uncontroverted. The court was not required to accept defendant's valuation, however, and many items on the list prepared by defendant appear to be seriously overvalued. There was substantial dispute as to which items were in the apartment and subsequently missing. If the court utilized defendant's values and plaintiffs' evidence of the items which were left in the apartment, the total value would be very close to the $500 awarded. The property converted and its value presented solely a credibility issue. Defendant's claim for consequential damages was highly speculative and the court was justified in rejecting that portion of the claim.

Defendant also contends he was entitled to punitive damages. Such dam-

ages are awarded at the trial court's discretion; they are not a matter of right. *Brown v. Mercantile Bank of Poplar Bluff*, 820 S.W.2d 327 (Mo.App.1991) [25–27]. Punitive damages are to be awarded for outrageous conduct, or for a party's evil motive or reckless indifference to the rights of others. *Id.* at 340. We cannot say as a matter of law that plaintiffs' conduct here met any of those criteria.

Judgment affirmed.

GARY M. GAERTNER, P.J., and STEPHAN, J., concur.